# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARRIN LYNN PICKENS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 15-CV-503-TCK-FHM |
| | ) |
| **MAX COOK,** | ) |
| **District Attorney of Creek County,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

On August 28, 2015, Plaintiff, a state prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. #1) requesting DNA testing of evidence in his state criminal case under Oklahoma's Postconviction DNA Act. For the reasons discussed below, this action shall be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### *BACKGROUND*

Plaintiff was convicted of First Degree Murder in Creek County District Court (CCDC), Case No. CRF-1990-66. Dkt. # 1 at 20. He was originally sentenced to death. However, on December 7, 2005, the Oklahoma Court of Criminal Appeals (OCCA) determined that Plaintiff is mentally retarded, vacated the sentence of death, and modified the sentence to life without the possibility of parole. Pickens v. State, 126 P.3d 612 (Okla. Crim. App. 2005).

The record provided by Plaintiff demonstrates that, on November 6, 2013, Plaintiff filed a motion in CCDC requesting DNA testing pursuant to Oklahoma's Postconviction DNA Act, Okla. Stat. tit. 22, §§ 1373-1373.7. See Dkt. # 1 at 21. CCDC denied the motion, finding that Plaintiff was not eligible for DNA testing under the statute because he "failed to provide any reasons why this testing should be conducted." Id. Plaintiff did not appeal CCDC's denial of his motion. Id.

On March 31, 2014, Plaintiff filed a second motion requesting DNA testing. Id. CCDC denied the motion, Plaintiff appealed, and the OCCA declined jurisdiction. Id. On September 29, 2014, Plaintiff filed a third motion requesting DNA testing. Id. In its order denying relief, CCDC noted that the district attorney did not respond to Plaintiff's motion, id. at 13, and summarized Plaintiff's extensive post-conviction history, as follows:

> Petitioner is no stranger to Post-Conviction proceedings. With the assistance of counsel, the original conviction was appealed and reversed. Upon re-trial, with different counsel, he was convicted a second time. [A]fter more appeals, with the assistance of counsel he was granted a jury trial on the issue of mental retardation. Again, with the assistance of counsel he successfully had that verdict reversed and his sentence of death was modified to life without the possibility of parole. He originally was charged with 3 felony count[s], but after all appeals, only has his murder conviction remaining.
> Petitioner's Third Application for Post-Conviction Relief contained a request for DNA testing pursuant to 22 O.S. § 1373.7, but lacked any reasons why such testing should be done. It was denied by the District Court.
> Petitioner's Fourth Application for Post-conviction Relief again cites 22 O.S. § 1373.7 and had an attached a [sic] notarized Affidavit in support of his Application. Once again, he did not address why he should be entitled to such testing but appears to only assume that because it is an Oklahoma Statute that such testing must be done upon request. That request was denied by the Trial Court. Petitioner's Appeal was dismissed because it was not timely filed. Instead of attempting to show why he failed to timely appeal, he simply filed a new Application for Post-Conviction Relief (his 5th such application). Once again Petitioner seeks DNA testing and his attached Affidavit, as before, states he knows who committed the shooting, but declines to name the individual.
> A critical fact is that Petitioner is stating he knows who committed the crime, since he was in the car with the actual perpetrator, BUT he refuses to identify such other person. If Petitioner is attempting to establish an alibi, he has not demonstrated why such information was not utilized in any of his multiple trials. This is not newly discovered evidence, but evidence that, by Petitioner's own admission, was available to the Petitioner at all times, and has never been asserted until now. Additionally Petitioner failed to timely appeal the denial of his previous DNA request.

Id. at 16-17. CCDC denied the motion because Plaintiff "had not raised any issue in his third request that either was not or could not have been raised in his two previous motions requesting DNA testing" and Plaintiff "had not specified what he seeks to test, or, that if such results were

known, he would not have been convicted." Id. at 21 (internal quotation marks omitted). Plaintiff appealed and, by Order filed March 27, 2015, in Case No. PC-2015-74, the OCCA affirmed CCDC's denial of Plaintiff's motion because Plaintiff's "propositions of error either were or could have been raised in his previous motions requesting DNA testing, and are thus barred or waived" under Section 1086 of Oklahoma's Post-Conviction Procedure Act. Id. at 22 (citation omitted). The OCCA stated that Plaintiff "was fully afforded the opportunity for relief in his previous motions requesting DNA testing. [Plaintiff] has failed to establish entitlement to any relief in this subsequent Postconviction DNA Act proceeding." Id.

On August 28, 2015, Plaintiff filed the instant civil rights complaint (Dkt. #1), claiming that:

> The District Court Judge should of [sic] ordered the district attorney's office to respond to [Plaintiff's] post conviction [motion] requesting forensic DNA testing with sworn affidavit containing statement of facts that was filed on September 29, 2014. The District Attorney's Office and the Creek County District Court Judge simply ignored the new Postconviction DNA law, where it states, upon receipt of the motion requesting forensic DNA testing, the court shall provide a copy of the motion to the attorney representing the state and require the attorney for the state to file a response within sixty (60) days of receipt of service or longer, upon good cause shown. The response shall include an inventory of all the evidence related to the case, including the custodian of such evidence. The Creek County district attorney['s] office has not complied to [sic] the law.

Id. at 3. In his request for relief, Plaintiff seeks "[f]orensic DNA testing under new state law." Id. at 4.

## ANALYSIS

**A.     Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous,

3

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, the Court should liberally construe a pro se plaintiff's complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction the Court gives the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts," Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990) (citation omitted), and a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (citation omitted). Even so, "if the court can reasonably read

the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall, 935 F.2d at 1110.

**B.    DNA Testing**

The Supreme Court has rejected the idea that individuals who have been convicted of crimes have a substantive due process right to access DNA evidence. Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 72-74 (2009). Even though these individuals do not have a substantive due process right to access DNA evidence, they may "have a liberty interest in demonstrating [their] innocence with new evidence under state law." Id. at 68. In Osborne, the Supreme Court determined that an Alaska law, providing that "those who use 'newly discovered evidence' to 'establis[h] by clear and convincing evidence that [they are] innocent' may obtain 'vacation of their conviction or sentence in the interest of justice,'" created a liberty interest in demonstrating innocence with new evidence. Id. While such a "state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right," id., the Supreme Court held that a state has "flexibility in deciding what procedures are needed in the context of postconviction relief." Id. at 69. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id.

While the Court may consider challenges to state laws restricting an individual's access to potentially exculpatory DNA evidence on procedural due process grounds, this Court lacks subject matter jurisdiction to hear a suit directly challenging a state court judgment. Skinner v. Switzer, 562

5

U.S. 521, 532 (2011) ("[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." (citations and footnote omitted)). The Rooker-Feldman doctrine precludes lower federal court review of a direct challenge to a state court judgment. See id. at 531-33; McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010); Cooper v. Ramos, 704 F.3d 772, 777-79 (9th Cir. 2012); Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1262-64 (11th Cir. 2012); Dawson v. Suthers, No. 14-CV-01919-MSK-NYW, 2015 WL 5525786, at *4 (D. Colo. Sept. 21, 2015) (unpublished).[1] The Rooker-Feldman doctrine applies to cases where "[t]he losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." Skinner, 562 U.S. at 531 (footnote omitted). Lower federal courts lack subject matter jurisdiction over such cases as Congress has "vest[ed] authority to review a state court's judgment solely in [the Supreme] Court." Id. at 532.

**1. Challenge to state court judgment**

Plaintiff argues that Okla. Stat. tit. 22, § 1373.2, requires the state district court to serve the state's attorney whenever a motion requesting DNA testing is filed and that, in his case, CCDC erred when it failed to serve the state's attorney after Plaintiff filed his third motion requesting DNA testing. Dkt. # 1 at 3. The state statute directs, in pertinent part, that:

> Upon receipt of the motion requesting forensic DNA testing, the sentencing court shall provide a copy of the motion to the attorney representing the state and require the attorney for the state to file a response within sixty (60) days of receipt of service or longer, upon good cause shown. The response shall include an inventory of all the evidence related to the case, including the custodian of such evidence.

---

[1] This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Okla. Stat. tit. 22, § 1373.2(D).

To the extent Plaintiff asks this Court to review and overturn the judgment of CCDC based on an error of state law, this Court lacks subject matter jurisdiction to address Plaintiff's complaint. See Skinner, 562 U.S. at 531-33. Plaintiff's claim is barred by the Rooker-Feldman doctrine as Plaintiff (1) filed suit in this Court after the state proceedings ended, (2) complains that because of the state court judgment against him he has not received the DNA testing to which he is entitled, and (3) asks this Court to review and reverse the state court's judgment and grant him the DNA testing under Oklahoma state law. Id. at 531. Because this Court lacks jurisdiction to consider Plaintiff's claim challenging the state court judgment, the complaint fails to state a claim upon which relief may be granted.

### 2. Procedural due process

Even if the Court reads Plaintiff's complaint to challenge the constitutionality of Oklahoma's statute providing for DNA testing on procedural due process grounds, the complaint fails to state a claim upon which relief may be granted. First, the Court must determine whether Oklahoma's Postconviction DNA Act creates a liberty interest in demonstrating innocence with new evidence. See Osborne, 557 U.S. at 68. The Postconviction DNA Act provides that:

> If the results of the forensic DNA testing conducted under the provisions of this act are favorable to the petitioner, the court shall schedule a hearing to determine the appropriate relief to be granted. Based on the results of the testing and any other evidence presented at the hearing, the court shall thereafter enter any order that serves the interests of justice including, but not limited to, any of the following:
>
> 1. An order setting aside or vacating the judgment of conviction . . . .

Okla. Stat. tit. 22, § 1373.5. Because it allows for the vacation of a conviction, or other appropriate relief, upon a showing of favorable DNA test results, this statute is sufficient to create a liberty interest in demonstrating innocence with new evidence. See Osborne, 557 U.S. at 68.

Second, the Court must determine whether the procedures established by the state are fundamentally inadequate to allow "realization of the parent right." Id. Because "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man . . . . [t]he State accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief." Id. at 68-69. "[D]ue process does not dictat[e] the exact form" the procedures for obtaining DNA testing must take, as long as the procedures do not "offend[] some [fundamental] principle of justice" or "transgress[] any recognized principle of fundamental fairness in operation." Id. at 69 (internal quotation marks and citations omitted). In Osborne, the Supreme Court found that, even though the Alaska statutes placed limits on an offender's access to DNA evidence, the statute did not violate procedural due process where it "provide[d] a substantive right to be released on a sufficiently compelling showing of new evidence that establishes innocence[,] [] exempt[ed] such claims from otherwise applicable time limits," and provided a process for discovery. Id. at 69-70.

The Court cannot find that the Oklahoma procedures are fundamentally inadequate to vindicate the liberty interest in demonstrating innocence with new evidence. See id. at 69. Plaintiff does not explain how the statutory procedures of the Oklahoma DNA Testing Act are inadequate on their face. See Sevilla v. O'Brien, 2015 WL 7829175, *3-4 (S.D. Ohio Dec. 4, 2015) (unpublished) (finding conclusory allegations inadequate to state a procedural due process claim); Dell v. O'Hare, No. 2-15-CV-11211, 2015 WL 5063267, at *2 (E.D. Mich. Aug. 27, 2015)

(unpublished) (finding that conclusory allegations challenging Michigan procedures for DNA testing were insufficient to state a procedural due process claim); Hartman v. Walsh, No. 5:11-CV-01401, 2011 WL 5362123, at *4 (N.D. Ohio Nov. 2, 2011) (unpublished) (finding that plaintiff, who did not plead how Ohio procedures were inadequate, failed to state a procedural due process claim). Instead, Plaintiff argues that CCDC improperly applied the statutory procedures. That allegation is insufficient to implicate a procedural due process violation and fails to state a claim upon which relief may be granted.

The Court notes that the statute allows the state district court to order the district attorney served and to provide a response. Okla. Stat. tit. 22, § 1373.2(D). However, this was Plaintiff's third motion requesting DNA testing. In filing his first two motions, Plaintiff failed to comply with procedural requirements of either Oklahoma's DNA Testing Act or Post-Conviction Procedure Act. As a result, the state courts' consideration of Plaintiff's third request was constrained by Plaintiff's procedural defaults, not by fundamentally inadequate statutory procedures. Furthermore, even though CCDC did not require the district attorney to respond to Plaintiff's third motion, CCDC reviewed the motion and provided an order stating the reasons supporting the denial of Plaintiff's requested relief. See Dkt. #1 at 12-19. The state district court found, inter alia, that "[f]or the Petitioner to be entitled to DNA testing, he must set forth grounds that would satisfy Title 22, Sections 1373.2 and 1373.4. This he has not done. He has not specified what he seeks to test, or, that if such results were known, he would not have been convicted." Id. at 18. The OCCA then reviewed and affirmed CCDC's denial of relief, albeit on procedural grounds. See id. at 20-23. Plaintiff has failed to demonstrate that the statutory procedures are fundamentally inadequate to

9

protect his liberty interest in demonstrating innocence with new evidence. As a result, the complaint fails to state a claim for violation of Plaintiff's procedural due process rights and shall be dismissed.

For the reasons stated above, Plaintiff fails to state a claim upon which relief may be granted, and his complaint shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis. See Dkt. # 4. His complaint fails to state a claim upon which relief may be granted and is dismissed for that reason. This dismissal shall count as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint (Dkt. # 1) is **dismissed** without prejudice.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. A separate judgment shall be entered in this matter.

**DATED** this 18th day of April, 2016.

*Terence C Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**